**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

GARY W. BENTON                                                            PETITIONER
ADC#085522

VS.                        CASE NO.: 5:13CV00396 KGB/BD

RAY HOBBS, Director,
Arkansas Department of Correction                                        RESPONDENT

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge Kristine G. Baker.  Any party may file written objections to

this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding believed to be

incorrect and must describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Introduction

On December 12, 2013, petitioner Gary Benton filed a petition for a writ of habeas corpus challenging the sufficiency of the evidence supporting his state conviction. (Docket entry #2)  Director Hobbs filed a response, arguing that Mr. Benton's petition is time-barred, the claims are procedurally defaulted, and the petition lacks merit.  (#8)  For the reasons explained below, the Court will recommend that Judge Baker DISMISS Mr. Benton's petition, with prejudice.

## III.   Background

On September 28, 2010, an Arkansas County jury found Mr. Benton guilty of second-degree forgery and theft by receiving.  As a result of the convictions, Mr. Benton received a 720-month sentence in the Arkansas Department of Correction ("ADC").[1]  (#8-6, pp. 33-35)  Mr. Benton appealed, and the Arkansas Court of Appeals affirmed the conviction and sentence on January 18, 2012. *Benton v. State*, 2012 Ark. App. 71, 388 S.W.3d 488.  Mr. Benton did not seek discretionary review in the Arkansas Supreme Court.

---

[1] The trial court sentenced Mr. Benton to two consecutive 360-month sentences as a habitual offender.  (#8-6, pp. 36-41)

2

On January 31, 2013, Mr. Benton filed a petition for writ of habeas corpus in the Lee County Circuit Court.  (#8-6, pp. 6-30)  On April 24, 2013, the trial court denied the petition.[2]  (#8-6, p. 45)  Mr. Benton appealed, and on October 3, 2013, the Arkansas Supreme Court dismissed the appeal, finding that Mr. Benton could not prevail.  *Benton v. State*, 2013 Ark. 385.  About three months later, Mr. Benton filed the pending federal habeas corpus petition.

## IV.   Discussion

### A.   *Arkansas Law*

Mr. Benton's claims are based almost exclusively on Arkansas law and procedure. Federal habeas courts, however, are not arbitrators of state law or state procedure.  *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997).  This Court can consider Mr. Benton's federal habeas petition only on grounds that he is being held in violation of the United States Constitution or in violation of federal law.  28 U.S.C. § 2254(a).  To the extent Mr. Benton alleges violations of Arkansas law or procedure, those claims should be denied.

### B.   *Procedural Default*

It appears that Mr. Benton defaulted all of his claims because he raised only issues of state law with the state courts.  By failing to raise an issue of federal law, Mr. Benton failed to "fairly present" federal law issues for the state court's consideration.  See

---

[2] The Clerk filed the order denying Mr. Benton's petition on either May 1, or May 10, 2013.  (#8-6, p. 45)

*Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to provide a state with the necessary opportunity to address a petitioner's claims, the petitioner must alert the state court to the federal nature of the claim).  This Court can address the merits of Mr. Benton's petition, however, even though he failed to properly exhaust the claims in the State courts.  28 U.S.C. § 2254(b)(2).

      C.    *Limitations Period*

      Mr. Benton's petition also appears to be time-barred.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a federal habeas corpus proceeding under 28 U.S.C. § 2254.  The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

      The Supreme Court may review a judgment of a state court of last resort, or of a lower state court, if the state court of last resort has denied discretionary review.  *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 656 (2012)(citations omitted).  When, as here, the petitioner did not seek review in the state court of last resort, the judgment becomes final when the time for seeking such review expires.  *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012)(citations omitted).

      Mr. Benton did not petition the Supreme Court of Arkansas for review of the decision of the Arkansas Court of Appeals.  Thus, the one-year limitations period began

to run no later than February 7, 2012, when the time to seek review in the Supreme Court of Arkansas expired.[3]  Mr. Benton waited to file the pending federal petition until December 12, 2013[4] – more than a year after his conviction became final.  Mr. Benton filed a state habeas petition that tolled the limitations period.  28 U.S.C. § 2244(d)(2).  Despite tolling the limitations period through the state appeals process, however, Mr. Benton still did not file his federal petition in a timely manner.[5]

Mr. Benton claims that the law library in the unit where he was housed was insufficient and did not contain a copy of 28 U.S.C. § 2244(d).  (#2, p. 8)  This claim would be suspect if he had been housed in an ADC facility.  It appears, however, that Mr. Benton was housed in the Lee County jail for the entire limitations period.  *Benton v.*

---

[3] The Arkansas Court of Appeals issued its opinion on January 18, 2012.  *Benton v. State*, 2012 Ark. App. 71, 388 S.W.3d 488.  A defendant has 18 calendar days from the date of decision to petition the Supreme Court of Arkansas for review.  Ark.Sup.Ct. R. 2-4(a).  When, as here, the last day for filing falls on a Sunday, the time is extended to the next business day.  ARK.R.APP.P.CRIM. R. 17.  The time to petition for review extended to Monday, February 6, 2012, and the limitations period began to run the following day, February 7, 2012.

[4] The Clerk of Court filed Mr. Benton's petition on December 31, 2013, but Mr. Benton executed his petition on December 12, 2013.  (#2)  Under the mailbox rule, the Court will consider the petition filed as of December 12, 2013.

[5] Mr. Benton filed his state habeas petition on January 31, 2013.  By this time, all but seven days of the one-year limitations period had run.  The state habeas filing tolled the limitations period until October 3, 2013, the date the state courts finally resolved the application for postconviction relief through the appellate process.  Mr. Benton then filed his federal petition on December 12, 2013, well after the seven remaining days of the limitations period had passed.

*State*, 2013 Ark. 385, fn. 1.  Mail sent from this Court to Mr. Benton's ADC address has also been returned as undeliverable.  (#6, #7)

The Fifth, Seventh, and Ninth Circuits have all found that inadequate law libraries may constitute an impediment to filing that could toll the limitations period under 28 U.S.C. § 2244(d)(1)(B).  See *Egerton v. Cockrell*, 334 F.3d 433, 438-439 (5th Cir. 2003); *Moore v. Battaglia*, 476 F.3d 504, 506-507 (7th Cir. 2007); *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (en banc).  Before finding this petition time-barred, Mr. Benton would likely be entitled to an evidentiary hearing.  With these considerations in mind, a discussion of the merits is appropriate.

D. *Standard of Review*

Federal courts are limited in reviewing claims adjudicated in state courts.  "When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is contrary to federal law only where the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a

question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is an unreasonable application of federal law only "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  It is not enough that a federal court might have applied federal law in a manner different from the state court.  Rather, the state court's application must have been objectively unreasonable.  *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

Furthermore, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error.  Those findings may be set aside only if they are not fairly supported by the record.  *Nicklasson v. Roper*, 491 F.3d 830, 841 (8th Cir. 2007) (quoting *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)).

E.     *Sufficiency of the Evidence*

To prevail on a sufficiency-of-evidence claim, Mr. Benton must show that, based on the trial record, no rational trier of fact could have found proof of guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781 (1979).  He has not made this showing.

7

Mr. Benton's forgery and theft-by-receiving convictions were based on a forged $150 check and his possession of a gold ring.[6]  The evidence at trial established that in June 2009, Mr. Benton and his brother helped Elear May Racy with some yard work. After finishing the work, the men entered Ms. Racy's home for a glass of water.  In December 2009, someone broke into Ms. Racy's home and stole jewelry while she attended a funeral.  Several days later, Ms. Racy discovered that blank checks had also been taken and that someone had written a $150 check on her bank account.

In did not take long for police to trace the check to Marsha Stigger, who had endorsed the back of the check when she had cashed it at an "A-Z Mart."  At the time, Ms. Stigger was a felon on parole, a crack addict, and a prostitute.  She was also a habitual check forger.  (#8-2, pp 156, 164-167)  When police questioned her about the check, Ms. Stigger stated that Mr. Benton had given her the check, already filled out, and that she had cashed it to get $50 dollars Mr. Benton owed her for "turning a trick."  She further stated that she had given the rest of the money to Mr. Benton.

Police found Mr. Benton, arrested him on outstanding warrants, and searched him incident to arrest.  As police were removing a napkin from Mr. Benton's pocket, a gold ring fell on the ground.  Mr. Benton blurted out that he had found "that" on the ground. Ms. Racy later confirmed that the ring belonged to her.

---

[6] Unless noted otherwise, the facts in this section are taken from the opinion of the Arkansas Court of Appeals affirming Mr. Benton's conviction. *Benton v. State*, 388 S.W.3d 488, 2012 Ark.App. 71.

1.  Theft By Receiving

Mr. Benton claims the theft-by-receiving conviction was not supported by substantial evidence.  (#2, pp. 3, 45, 48-50)  As relevant here, a person commits theft by receiving if the person acquires possession of stolen property that he knows, or has good reason to believe, is stolen.  ARK. CODE ANN. § 5-36-106(a)-(b).  The testimony of Officer Sandine, who arrested Mr. Benton, provided evidence that Mr. Benton possessed the ring.  Ms. Racy's testimony provided evidence that the ring was stolen property.

Mr. Benton claims that the lack of direct evidence left the jury to speculate how Mr. Benton came into possession of the ring.  (#2, p. 50)  How he came into possession of the ring is, however, irrelevant.  He was not charged with burglary, robbery, or the actual theft of the ring.  The only question here is whether the state proved Mr. Benton's knowledge or belief that the ring was stolen.

Under Arkansas law, the unexplained possession of recently stolen properly gives rise to a presumption that the person knows or believes the property was stolen.  ARK. CODE ANN. § 5-36-106(c).  The trial court instructed the jury:

> If you find that Gary Wayne Benton was in unexplained possession or control of recently stolen property . . . you may consider that fact along with all the other evidence in deciding whether Gary Wayne Benton knew or believed that property was stolen.  (#8-2, p. 195)

The state proved, through the testimony of Officer Sandine and Ms. Racy, that Mr. Benton was in possession of recently stolen property.  Proving these predicate facts

allowed the jury to draw the conclusion that Mr. Benton knew, or believed, that the ring was stolen.  It does not appear that Mr. Benton directly challenges the state's use of the presumption.  Even if he were mounting such a challenge, that claim would fail.

A state's reliance on a presumption is unconstitutional if it relieves the state of its burden of proving every essential element of a crime beyond a reasonable doubt.  *Francis v. Franklin*, 471 U.S. 307, 313, 105 S. Ct. 1965, 1970 (1985) (citing referenced omitted).  Although termed a presumption, what the jury really considered in this case was a permissive inference.  A permissive inference "suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion." *Id*. at 314.

A permissive inference violates the Due Process Clause only if the suggested conclusion is unjustified in light of the predicate facts before the jury.  *Id*. at 314-315.  That is not the case here.  Mr. Benton's unexplained possession of recently stolen property justifies a conclusion that he knew, or believed, that the property was stolen.  Accordingly, there is no basis for habeas relief from this conviction.

2.  Forgery

Mr. Benton also claims his forgery conviction was not supported by substantial evidence.  (#2, pp. 4, 23-37, 45-48)  He admits that the state proved the check was forged.  (#2, p. 24)  He argues, however, that the uncorroborated testimony of an accomplice, Ms. Stiggers, was insufficient to support his conviction.

10

Mr. Benton is correct that under Arkansas law, the uncorroborated testimony of an accomplice does not provide sufficient evidence to support a conviction.  In fact, the Arkansas Court of Appeals split on this issue.  *Benton v. State*, 388 S.W.3d 488, 2012 Ark.App. 71.  There was no physical evidence connecting Mr. Benton to the forgery.  The evidence cited as sufficient corroboration by the Arkansas Court of Appeals was also debatable.  The corroboration requirement, however, is a matter of state law.  *Loeblein v. Dormire*, 229 F.3d 724, 727 (8th Cir. 2000) (citations omitted).  A lack of corroboration does not implicate a federal constitutional right cognizable in a federal habeas petition.  *Id*.  Under federal law, Ms. Stiggers's testimony is sufficient to sustain a conviction.  See *Gibbs v. Kemna*, 192 F.3d 1173, 1176 (8th Cir. 1999)(the testimony of any one of the eyewitnesses, if believed by the jury, would be sufficient to support a verdict of guilt).  Credibility was an issue for the jury to decide.  *Id.*

Ms. Stiggers's credibility was clearly in question.  The fact-finder – in this case the jury – was responsible for assessing the credibility of witnesses.  *United States v. Cabrera*, 116 F.3d 1243, 1245 (8th Cir. 1997).  The jury could have chosen not to believe the testimony; but this Court is not free to second-guess the jury's finding.  When, as here, the record contains conflicting evidence, the reviewing Court must assume that the trier of fact resolved conflicts in favor of the prevailing party.  *Jackson*, 443 U.S. at 326; see also *Schlup v. Delo*, 513 U.S. 298, 330, 115 S.Ct. 851 (1995).

    F.    *Fifth, Sixth, and Fourteenth Amendments*

Mr. Benton next alleges that the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights.  (#2, pp. 5, 43-44)  He fails to explain this claim beyond citing a "lack of evidence, a miscarriage of justice, [and] a wrongful conviction."  (#2, p. 43)

A petition must state the facts supporting each ground for relief.  Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts.  Mr. Benton's bare reference to constitutional amendments is insufficient to state a claim for habeas corpus relief.

## V.    <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Benton has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Benton has not provided a basis for issuing a certificate of appealability.

## VI.    <u>Conclusion</u>

The Court recommends that Gary Benton's petition for writ of habeas corpus be dismissed, with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 10th day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE